IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


WALTER LEE GILBERT, a/k/a,                         PETITIONER
LAMARCUS LEE HILLARD, #99903-555

VERSUS                              CAUSE NO. 3:17cv19-TSL-RHW

MARSHAL LEE FISHER and JACK FOX                    RESPONDENTS


### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the court sua sponte.  Pro se
petitioner Walter Lee Gilbert, also known as Lamarcus Lee
Hillard, is incarcerated with the Bureau of Prisons ("BOP") on
behalf of the Mississippi Department of Corrections ("MDOC").  He
filed this Petition for Writ of Habeas Corpus, pursuant to 28
U.S.C. § 2241, challenging his housing with the Bureau of
Prisons.  He seeks a transfer back to a county jail in Hinds
County, Mississippi.  The Court has considered and liberally
construed the pleadings.  As set forth below, this case is
dismissed.

### BACKGROUND

Petitioner is a Mississippi inmate, who is currently serving
sentences handed down in 2003 and 2008 from Hinds and Sunflower
Counties, respectively.  He is currently serving those sentences
in the administrative, maximum security United States
Penitentiary in Florence, Colorado.  He was transferred to
federal prison, by an agreement between MDOC and BOP.  He does

not have a federal conviction.

On January 9, 2017, petitioner filed this habeas action, invoking § 2241, and he has paid the $5 filing fee.  He argues that the agreement between the State and federal government to house him with the BOP is void, because it is based on fraud and bribery.  Petitioner also claims that, in the federal prison, he is "not being granted the right to earned good time credits 10 days of 30 days, GED credits per Judge Order, Program Completion over 40 certificates per the Mississippi State Constitution," and is being "denied a job."  (Pet. at 3).  Finally, he asserts that he is being housed under the wrong name.  Petitioner asks this court to transfer him back to custody in Mississippi.

## DISCUSSION

The court questions whether habeas corpus is available for Petitioner's claims.  If a favorable ruling would "automatically entitle [the prisoner] to accelerated release," then the action is one for habeas corpus.  Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995).  If not, then the proper vehicle may be a civil rights action.  Id.  Habeas review "is not available to review questions unrelated to the cause of detention."  Pierre v. United States, 525 F.2d 933, 935 (5th Cir. 1976).  On the other hand, a civil rights action "is an appropriate legal vehicle to attack unconstitutional . . . conditions of confinement."  Orellana, 65 F.3d at 31.

The Fifth Circuit Court of Appeals has held that habeas review is not available to obtain transfer to another prison. Hernandez v. Garrison, 916 F.2d 291, 293 (5th Cir. 1990). In Hernandez, a federal inmate alleged discrimination, overcrowding and denial of medical care at the Federal Correctional Institute in Seagoville, Texas. Id. at 292. He filed a § 2241 petition and sought transfer to another federal prison. Id. at 293. The court held that this "type of injunctive relief is not a proper subject for a habeas corpus petition." Id.

Subsequently, this court has held that a federal prisoner, who was transferred to MDOC to serve his federal sentence, could not file a § 2241 habeas petition to challenge that transfer. Hathaway v. Fed. Bureau of Prisons, No. 2:10cv182-KS-MTP, 2010 U.S. Dist. LEXIS 91502 at *2 (S.D. Miss. Sept. 1, 2010). This was because success in the case would not automatically entitle the prisoner to release. Id.

Like Hernandez and Hathaway, petitioner challenges where he is housed. This claim is not cognizable in this § 2241 habeas action, because it does not concern the cause of petitioner's detention, and success will not automatically entitle him to accelerated release. Indeed, petitioner does not challenge either of his convictions or sentences. The closest petitioner comes is to argue that he is "not being granted the right to earned good time credits 10 days of each 30 days." (Pet. at 3).

3

He does not ask for speedier release, however, or assert that he is being deprived of earned time that he has already accrued.  He merely seeks a transfer to a different prison.

Rather than liberally construe this action as a civil rights case, it will be dismissed without prejudice.  <u>See</u>, <u>Lineberry v. United States</u>, 380 F. App'x 452, 453 (5th Cir. June 8, 2010).

Even if the Petition could be construed as challenging the fact or duration of petitioner's sentences, it would still be dismissed without prejudice.  This is because he must first exhaust his state court remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b)(1)(A).  This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (quoting <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995)).  Petitioner contends to have exhausted his state remedies because he has previously filed for relief from this court.  This is insufficient to satisfy the state exhaustion requirement.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case is **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 20th day of March, 2017.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE


4